# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAYMONT GRADY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-393-JMB |
| ST. LOUIS CITY JUSTICE CENTER, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by plaintiff Raymont Grady, Jr., an inmate at the United States Penitentiary, Big Sandy, in Inez, Kentucky. On June 15, 2021, plaintiff paid the full $402 civil filing fee. For the reasons explained below, the Court will give plaintiff the opportunity to file an amended complaint.

### Legal Standard

Pursuant to 28 U.S.C. § 1915A(a), this Court "shall review before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, this Court shall dismiss the complaint, or any portion thereof, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff did not prepare the complaint using a court-provided form, as required. *See* E.D.Mo. L. R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). He filed the complaint against the St. Louis City Justice Center. He begins by writing:

> Comes now, Raymont Grady Jr., #34369-044, Pro-se, hereby brings notice of suit against the City of St. Louis Justice Center for violating the petitioner's civil rights under the 8th amendment, from, cruel and unusual punishment, medical neglect, safety and protection neglect, and non-working emergency equipment under the Americans With Disabilities Act ("ADA").

(ECF No. 1 at 1). Plaintiff then provides a long narrative purporting to set forth his claims for relief. Among his allegations are the following.

On January 5, 2020, after no one responded when plaintiff pressed an emergency button, he was attacked by unknown inmates. Afterwards, a corrections officer identified as "C/O Williams" made him walk to the medical department even though he was hurt. *Id.* Medical treatment providers told plaintiff he had suffered a sprain, but an x-ray performed later that day revealed an ankle fracture. Plaintiff was then taken to St. Louis University Hospital, where he was diagnosed with other injuries. He later returned to the St. Louis City Justice Center.

Upon plaintiff's return, he suffered various forms of harm, including being housed in an area where he was required to travel stairs and forced to use a top bunk. His request for a wheelchair was denied because he had been given crutches at the hospital. Jail staff members refused to carry things for him. The handicap-accessible shower stall was out of order and plaintiff had to use a regular shower stall, which made showering less convenient. Plaintiff was refused bags to use to wrap his cast while showering. This caused the cast to repeatedly become wet, and approximately two weeks later, it fell off. Plaintiff had to wait until February 8, 2020 to receive a replacement cast. After plaintiff's cast was replaced, he was denied required follow-up

3

medical care. Plaintiff's cast was ultimately removed on September 11, 2020. Subsequently, he was denied physical therapy and a boot he believes was necessary. As a result of the foregoing, plaintiff suffered permanent damage to his right ankle. He seeks monetary and injunctive relief.

## Discussion

Plaintiff can be understood to bring claims pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). However, the sole named defendant, the St. Louis City Justice Center, is not a legal entity that is subject to suit under § 1983. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). Even if plaintiff had named the municipality as a defendant, the complaint would fail to state a claim of municipal liability. *See Monell,* 436 U.S. at 690-91. The complaint briefly references the ADA, but it contains no facts that could be construed as stating a plausible ADA claim. *See Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (describing the elements of an ADA claim).

Plaintiff will be given the opportunity to file an amended complaint to clearly set forth his claims. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended

4

complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A).

In the "Caption" section of the complaint form, plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If plaintiff names an individual as a defendant, he must specify whether he intends to sue him or her in an official capacity, individual capacity, or both. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. Under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each named defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of

5

action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must file a single comprehensive pleading that sets forth his claims for relief. He may not attempt to amend a complaint by filing separate documents containing changes he wants made to certain parts. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff shall file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 17th day of August, 2021.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE